UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHAD TOLAND,<br><br>            Plaintiff,<br><br>   v.<br><br>CNA INSURANCE and VALLEY FORGE INSURANCE COMPANY,<br><br>            Defendants. | CASE NO. C19-5373 BHS<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND |

This matter comes before the Court on Plaintiff Chad Toland's ("Toland") motion for leave to amend complaint. Dkt. 10. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

**I.   PROCEDURAL HISTORY AND FACTUAL BACKGROUND**

On February 2, 2016, Toland sustained injuries when the truck he was driving was rear-ended by an underinsured motorist. Dkt. 1-2, ¶¶ 4, 7, 10. Toland was driving the truck while on the job for his employer, South Bay Excavating. *Id*. ¶ 4. Defendants CNA Insurance ("CNA") and Valley Forge Insurance Company ("Valley Forge") (collectively "Defendants") provided commercial auto insurance for South Bay Excavating. *Id*. The uninsured motorist's insurer tendered the limits of her policy, $50,000, to Toland. *Id*. ¶

10. Toland alleges he has accumulated medical expenses of more than $100,000 since the accident. *Id.* ¶ 9. Upon notice, CNA permitted release of the uninsured motorist for the policy limit. *Id.* ¶ 12. On October 5, 2017, a demand was filed with CNA for Toland's claims. *Id.* ¶ 13. On April 5, 2018, CNA responded with an offer of $10,000. *Id.*

On March 28, 2019, Toland filed a complaint against Defendants for breach of contract, negligence, and violation of the Washington Consumer Protection Act in the Pierce County Superior Court for the State of Washington. Dkt. 1-2. On April 10, 2019, Toland filed an IFCA notice with the Washington Insurance Commissioner. Dkt. 10 at 2. On May 3, 2019, Defendants removed the case to this Court. Dkt. 1.

On October 7, 2019, Toland moved for leave to amend. Dkt. 10. On October 21, 2019, Defendants responded. Dkt. 12. Toland did not reply.

## II. DISCUSSION

Toland seeks to amend his complaint to allege a violation of the Insurance Fair Conduct Act ("IFCA"), RCW 48.30.015, and to allege a claim for bad faith. Dkt. 11-3.

### A. Standard

When the time for amendment as a matter of course has expired, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). To determine whether amendment is appropriate, the Court considers five potential factors: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether there has been previous amendment. *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011).

Leave to amend "shall be freely given when justice so requires." *AmerisourceBergan Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006).

"[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). Leave to amend should be denied when "it appears beyond doubt that the proposed pleading would be subject to dismissal." *Wizards of the Coast LLC v. Cryptozoic Entm't LLC*, 309 F.R.D. 645, 654 (W.D. Wash. 2015).

**B.     Analysis**

Defendants do not oppose Toland's addition of a bad faith claim. Dkt. 12 at 1–2. Defendants argue that Toland should not be permitted to add a claim under the IFCA because such a claim would be futile. *Id*. at 2. Defendants present arguments on futility which are more appropriate to a fully-briefed motion to dismiss than to opposition to a motion for leave to amend. Denial of leave to amend for futility is rare. *Nebula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003). Leave to amend should be denied only if it is "beyond doubt" that the amended complaint would be subject to dismissal for failure to state a claim. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 188 (9th Cir. 1987).

Defendants argue that Toland's citation to their April 5, 2018 settlement offer shows that they never denied Toland's claim, but instead made a settlement offer and invited Toland to submit additional information. Dkt. 12 at 3–4. Defendants ask the Court to conclude that Toland has failed to allege facts showing that, as required under *Perez-*

*Crisantos v. State Farm Fire & Cas. Co.*, 187 Wn.2d 669, 684 (2017), Defendants either unreasonably denied a claim for coverage or unreasonably denied payment of benefits. Dkt. 12 at 5. Defendants argue that like the plaintiff in *Spencer v. State Farm Mut. Auto. Ins. Co.*, No. C16–5885 BHS, 2017 WL 4619221, at *3 (W.D. Wash. Oct. 16, 2017), Toland has alleged only disparity in claim value, which does not establish a claim for unreasonable denial of benefits without more. *Id.* at 6. However, at least some of Toland's allegations could provide a basis to conclude that Defendants unreasonably denied coverage, such as the failure to investigate wage loss. Dkt. 10 at 4–5. While it is possible that a court would agree with Defendants that Toland's facts as alleged do not state a claim for an unreasonable denial, this conclusion is not beyond doubt. *DCD Programs*, 833 F.2d at 188. The Court thus declines to deny amendment on the basis of futility. Because Defendants do not argue the Court should deny leave to amend on any of the other available bases, the Court grants Toland's motion.

### III.  ORDER

Therefore, it is hereby **ORDERED** that Toland's motion for leave to amend, Dkt. 10, is **GRANTED**. Toland shall file his amended complaint no later than November 27, 2019.

Dated this 21st day of November, 2019.

                                           BENJAMIN H. SETTLE
                                           United States District Judge